UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Alan Merriman, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> -v.-<br><br>Atlantic Collection Agency, Inc.<br>and John Does 1-25<br><br>      Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Alan Merriman (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant Atlantic Collection Agency, Inc. (hereinafter "Defendant Atlantic"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the Plaintiff resides here as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Connecticut consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Connecticut, County of New London, residing at 184 Washington Street, Norwich, Connecticut 06360-4233.

8. Defendant Atlantic is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 194 Boston Post Rd., East Lyme, CT 06333-1613.

9. Upon information and belief, Defendant Atlantic are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Connecticut;

    b. to whom Defendant Atlantic sent a letter;

    c. attempting to collect a consumer debt;

    d. which letter did not specify the date the letter was written;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any

   questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. § 1692e, 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats the above paragraphs as if set forth here.

21.     Some time prior to April, 2021 an obligation was allegedly incurred to Southern CT Vascular Center.

22.     The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically medical services.

23.     The alleged Southern CT Vascular Center obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24.     Southern CT Vascular Center is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25.     Upon information and belief Southern CT Vascular Center contracted with the Defendant Atlantic to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – Collection Letter*

27.     On or about a date in April 2021, Plaintiff received a collection letter regarding the alleged debt owed to Southern CT Vascular Center from Defendant.  A copy of this letter is attached as **Exhibit A**.

28. The letter attempts to collect a debt of $1654.13 and states: "We have made several attempts to resolve your outstanding balance with SOUTHERN CT VASCULAR CTR. Since you have not made arrangements to satisfy this debt, we have no alternative but to recommend that our client consider legal action against you for this outstanding indebtedness. In addition to the principal debt, we will also request that any possible interest and court costs be added to the debt.

Over the next five (5) days our investigation into your personal assets will be completed. These findings, along with a prepared affidavit ready for signature, will be forwarded to our client to expedite authorization for us to forward your account to an attorney of our choice.

Please do not make this action necessary. Call us at (860) 739-4909 or send the balance in full to the above address."

29. At no point in the letter does the Defendant state a date in the letter.

30. It is deceptive to send a collection letter with no date whatsoever, because Plaintiff has no frame of reference to properly respond to the collection letter.

31. This is especially deceptive because the Defendant uses threating and harassing language that "over the next five (5) days" they will investigate the Plaintiff's personal assets.

32. Due to the lack of any date on Defendant's letter, Plaintiff has no idea when these five days would commence and when they would end.

33. In addition, the letter uses threatening language, attempting to frighten the Plaintiff by implying that there will be an "investigation" into Plaintiff's personal assets and that Defendant will request that any possible "interest and court costs" be added to the principal debt.

34. Upon information and belief, there is no interest accruing on this debt and there have been no court proceedings that would lead to "court costs."

35. Therefore, Defendant's threats are deceptive and the letter is merely an attempt to frighten and harass Plaintiff into paying immediately on this debt.

36. Because of Defendant's improper acts, Plaintiff expended time, and effort in determining the proper course of action.

37. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

38. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

39. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

40. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

41. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

42. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

43. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e *et seq.*

44. Plaintiff repeats the above paragraphs as if set forth here.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated said section, including §§ 1692e, 1692e (2), 1692e (5) and 1692e (10), by using false, misleading, and deceptive means to collect a debt.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

49. Plaintiff repeats the above paragraphs as if set forth here.

50. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

51. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

52. Defendant violated this section by unfairly threatening and scaring Plaintiff with deceptive, empty threats.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alan Merriman, individually and on behalf of all others similarly situated, demands judgment from Defendant Atlantic as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 26, 2021

Respectfully Submitted,

*/s/Raphael Deutsch*
Raphael Deutsch
**Bar No.  ct28898**
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel. 201-282-6500 ext. 141
Fax 201-282-6501
rdeutsch@steinsakslegal.com
*Attorneys for Plaintiff*
